NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-398

STATE OF LA, DEPT OF SOCIAL

SERVICES, ETC.

VERSUS

ANDREW MADRID

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. S-2019-0018
HONORABLE E. DAVID DESHOTELS, DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
D. Kent Savoie, Judges.

AFFIRMED.

**H. Todd Nesom**
**District Attorney**
**Roderick G. Bertrand**
**Assistant District Attorney**
**Thirty-Third Judicial District Court**
**Post Office Box 839**
**Oberlin, Louisiana 70655**
**(337) 639-2641**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana, Department of Social Services**

**Andrew Madrid**
**120 Madrid Lane**
**Oakdale, Louisiana 71463**
**IN PROPER PERSON APPELLANT:**
    **Andrew Madrid**

**SAVOIE, Judge.**

Defendant Andrew Madrid appeals the judgment of the trial court, ordering him to pay child support and denying his motion to dismiss. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The State of Louisiana, through the Department of Social Services[1], filed a Rule Nisi against Andrew Madrid on behalf of his four minor children, pursuant to La.R.S. 46:236.1.1-238. The rule, filed on March 14, 2019, requested that the trial court establish child support and order medical insurance be obtained for the children. A hearing was set for March 27, 2019, on the rule. In response, Mr. Madrid, in proper person, filed a motion to dismiss on March 26, 2019. In the motion, Mr. Madrid alleged that the Rule Nisi did not provide him with the nature and cause of the proceedings; the State did not have standing to file the rule because it did not prove an "injury of fact;" the trial court lacked jurisdiction to hear the matter; and, finally, his due process rights were violated.

After the hearing on March 27, 2019, the trial court denied Mr. Madrid's motion to dismiss and ordered him to pay child support for his four children in the interim amount of $387.51 per month effective March 14, 2019. Mr. Madrid filed this appeal, in proper person, alleging the same arguments found in his motion to dismiss.

## LAW AND ANALYSIS

Mr. Madrid complains that he was ordered to pay child support for his four children. He lists a myriad of arguments to support his claims. He states that

---

[1] The Department of Social Services was renamed the Department of Child and Family Services.

"child support is voluntary for all parties. Child support is a completely voluntary program." He contends that the trial court violated his rights under the equal protection clause of the United States Constitution when it ordered him to pay child support in order to provide for his children. He also argues that the trial court lacked the jurisdiction to hear the present matter because the District Attorney's Office lacked standing and also because "[j]udicial officers cannot act in a judicial manner when they are acting as representatives of the executive branch of government." He further complains that the District Attorney's Office "did not have a right to child support or any right to sue Andrew Madrid in trial court." None of Mr. Madrid's arguments have merit.

The State of Louisiana, through the Department of Social Services, filed a Rule Nisi against Andrew Madrid to establish a child support obligation for his four minor children. The State was represented by the District Attorney's Office for the Thirty-Third Judicial District Court, Parish of Allen. The Child Support Enforcement laws have been well established and are found in La.R.S. 46:236.1.1-238.

Louisiana Revised Statutes 46:236.1.2 states:

A. The department is hereby authorized to develop and implement a program of family support in FITAP cases, Title IV-E Foster Care cases, Medicaid only cases, and any other category of cases to which the state is required by federal law or regulation to provide services, designed to do the following:

(1) Enforce, collect, and distribute the support obligation owed by any person to his child or children and to his spouse or former spouse with whom the child is living if a support obligation has been established with respect to such spouse or former spouse.

(2) Locate absent parents.

(3) Establish paternity.

2

(4) Obtain and modify family and child support orders.

(5) Obtain and modify medical support orders.

. . . .

D. (1) The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subrogation, tutorship proceedings, or divorce proceedings take direct civil action, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Subpart. The amount of such support shall be set only by order of the court or by the consent of the parties, but in either case the department shall be designated as payee. Additionally, the department may take direct action to modify an order or judgment of support, including actions to increase or decrease support, in any case in which the department is providing services pursuant to this Subpart. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.

(2) In cases where the department is providing support enforcement services, if the name of the father appears on the birth certificate of the child, the department may proceed to establish a court order for child support and medical support against the father whose name does appear on the birth certificate without the need to establish paternity in accordance with Civil Code Article 197.

"*Except as otherwise provided by law*, an action can be brought only by a person having a real and actual interest which he asserts." La.Code Civ.P. art. 681 (emphasis added). In La.R.S. 46:236.1.2(D)(1), the Louisiana Legislature has provided a means by law through which the State can file a pleading to obtain and enforce a child support order on behalf of another person by specifically stating:

The department . . . may without the necessity of written assignment, subrogation, tutorship proceedings, or divorce proceedings take direct civil action . . . in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Subpart.

A "'court of competent jurisdiction'[] means a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding." La.Code Civ.P. art. 5251.

Mr. Madrid's contention that the District Attorney's Office lacks standing or a right of action to file a support claim against him fails because the Louisiana Legislature has conferred that right on the State. The District Attorney's Office brought the claim on behalf of Mr. Madrid's four minor children, not itself, as provided by La.R.S. 46:236.1.2. The District Attorney's Office does not need an "injury in fact," as has been argued by Mr. Madrid, because the legislature has explicitly set forth its right to bring the claim in La.R.S. 46:236.1.2.

Furthermore, the trial court did not lack jurisdiction to hear this matter. "Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La.Code Civ.P. art. 2. Louisiana Code of Civil Procedure Article 10 provides a trial court's authority to hear child support cases by stating, in pertinent part:

> A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
>
> . . . .
>
> (8) Unless otherwise provided by law, an action to establish parentage and support or to disavow parentage if the child is domiciled in or is in this state, and was either born in this state, born out of state while its mother was domiciled in this state, or acknowledged in this state. However, regardless of the location of the child or its place of birth, an action to disavow may be brought if the person seeking to disavow was domiciled in this state at the time of conception and birth and is presumed to be its parent under the laws of this state.

As such, the trial court in this matter had jurisdiction to hear this matter.

Mr. Madrid also argues that child support is a voluntary obligation. This assertion is patently false. "Biological fathers are civilly obligated for the support of their offspring. They are also criminally responsible for their support." *State, Dep't of Child and Family Servs ex rel. A.L. v. Lowrie*, 14-1025, p. 11 (La. 5/5/15), 167 So.3d 573, 582. Therefore, not only is Mr. Madrid obligated to pay child support for his children, the State can file criminal charges against him if he does not.

Finally, Mr. Madrid contends that his constitutional right to due process has been violated because he "was not told about any consequences of child paternity." While Mr. Madrid has tried mightily to avoid his legal obligation, this argument has to be his most outlandish. He states that "he was never told when he got married nor when his wife produced an offspring that he would be held accountable in court" because his name was on the birth certificate. He goes on to explain that "[t]he state of Louisiana is at fault" because "it did not tell it's citizens of the ramafications [sic] of getting married and having children." As such, the State of Louisiana, according to Mr. Madrid, "has decieved [sic] [him] into getting married and having children without telling him of the consequences."

When faced with such a ridiculous proposition, it is hard to know where to begin. For that reason, we will keep it simple. Ignorance of the law is not a defense. *See* La.Civ.Code art. 5. Mr. Madrid cannot avoid his responsibility to his children no matter how much he may want to do so. He has an obligation under the law to support his children. For the foregoing reasons, the assignments of error asserted by Mr. Madrid have no merit.

**DECREE**

5

The trial court's judgment is affirmed. All costs of this appeal are assessed to Andrew Madrid.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.